UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

| | |
|---|---|
| RICHARD FALOON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| BOUCHARD CLEANING & RESTORATION, INC., | ) |
| | ) |
| Defendant | ) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**
**INJUNCTIVE RELIEF SOUGHT**

Plaintiff, Richard Faloon, by and through his attorney, hereby complains against Defendant, Bouchard Cleaning & Restoration, Inc., as follows:

**JURISDICTION AND ADMINISTRATIVE PROCEEDINGS**

1) This action arises under the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101 et seq. ("ADA"); the Civil Rights Act of 1991, 42 U.S.C. § 1981a; the Maine Human Rights Act ("MHRA"), 5 M.R.S. §§ 4551 et seq.; and the Maine Family Medical Leave Requirements, 26 M.R.S. §§ 843-849 ("Maine FMLR").

2) This court has proper subject matter jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. § 1331; 42 U.S.C. §§ 2000e-5(f)(3), 12117(a).

3) This court has proper supplemental jurisdiction over the Plaintiff's state law claims under 28 U.S.C. § 1367(a).

1

4) On or about January 30, 2020, Plaintiff filed a charge of employment discrimination against Bouchard with the Maine Human Rights Commission ("MHRC") and the Equal Employment Opportunity Commission ("EEOC").

5) On August 4, 2020, the MHRC issued Plaintiff a right-to-sue letter pursuant to the MHRA, 5 M.R.S. § 4612(6).

6) On September 24, 2020, the EEOC issued Plaintiff a notice of right to sue pursuant to the ADA, 42 U.S.C. §§ 2000e-5(f)(1), 12117.

## PARTIES

7) Plaintiff is a citizen of the United States and the State of Maine who resides in the Town of Winterport, County of Penobscot, State of Maine.

8) Bouchard Cleaning & Restoration, Inc. ("Bouchard"), is a Maine corporation with a principal office in the Town of Hampden, County of Penobscot, State of Maine.

9) At all material times, Bouchard employed more than 15 employees at its Hampden location.

10) This action properly lies in the District of Maine pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims asserted herein occurred in this judicial district.

11) This action is properly filed and shall be tried in Bangor because a substantial part of the events or omissions giving rise to the claims asserted herein occurred in Penobscot County, Maine.

## STATEMENT OF FACTS

12) Plaintiff worked for Bouchard from 2007 until November 20, 2019.

13) During his employment, Plaintiff had physical or mental impairments, including, but not limited to, a right knee MCL strain with medial meniscal tear (actual, regarded as, record of), a record of gangrenous cholecystitis that required a cholecystectomy, a record of a closed head injury with post-concussion syndrome, a record of left knee posterior cruciate ligament injury and medial and lateral meniscal tears, and a record of a left shoulder injury.

14) Plaintiff's physical or mental impairments had an actual or expected duration of more than six months and impaired his physical or mental health to a significant extent as compared to what is ordinarily experienced in the general population.

15) Plaintiff's physical or mental impairments also substantially limited one or more major life activities, including walking, standing, lifting, bending, working, and the operation of the digestive and brain functions.

16) Plaintiff's gall bladder removal and closed head injury were also per se disabilities under the MHRA.

17) Bouchard also regarded Plaintiff as having the above-described physical or mental impairments under the ADA and the MHRA.

18) Plaintiff's physical or mental impairments required inpatient care in a hospital and the continuing treatment of a healthcare provider.

19)  Plaintiff required reasonable accommodations from Bouchard for his physical or mental disabilities, including, but not limited to, several weeks off from work in 2016, 2017, 2018, and 2019, and light duty work restrictions during those years.

20) On November 20, 2019, Bouchard terminated Plaintiff's employment, claiming that work was slow and they were cutting back.

21) That reason for termination was false.

22) On December 13, 2019, Plaintiff's attorney wrote to Bouchard requesting, in part, that Plaintiff be rehired.

23) In the letter, Plaintiff's attorney also advised Bouchard that Plaintiff had claims against Bouchard for terminating his employment illegally because of his current or former medical conditions, his prior Workers' Compensation claims against Bouchard, and without providing him required medical leaves of absence under state and federal law

24) On January 22, 2020, Bouchard refused to rehire Plaintiff.

25) Plaintiff was fired and not rehired because of his actual, regarded as, and record of physical or mental impairments; and his leaves of absence and accommodations.

26) Plaintiff was also not rehired by Bouchard because he complained about the illegal termination.

27) As a result of Bouchard' unlawful discrimination in employment against Plaintiff as alleged herein, Plaintiff has suffered lost wages, lost benefits, loss of enjoyment of life, loss of self-esteem, injury to reputation, injury to career, emotional distress, and other pecuniary and non-pecuniary losses.

28) Plaintiff has no plain, adequate, or complete remedy at law to fully redress the wrongs alleged, and he will continue to suffer irreparable injury from his treatment by Bouchard unless it is enjoined by this court.

## COUNT I: ADA

29) Plaintiff repeats and realleges each of the allegations set forth in the preceding paragraphs as if fully set forth herein.

30) Bouchard intentionally discharged Plaintiff from employment on the basis of disability, in violation of the ADA.

31) Bouchard intentionally discharged Plaintiff because he exercised his right to a reasonable accommodation under the ADA, in violation of the ADA.

32) Bouchard intentionally discharged Plaintiff for opposing practices made unlawful by the ADA, in violation of the ADA.

33) Bouchard acted with reckless indifference to Plaintiff's rights under the ADA

## COUNT II: MHRA

34) Plaintiff repeats and realleges each of the allegations set forth in the preceding paragraphs as if fully set forth herein.

35) Bouchard intentionally discharged Plaintiff from employment because of physical or mental disability, in violation of the MHRA.

36) Bouchard intentionally discharged Plaintiff because he exercised his right to a reasonable accommodation under the MHRA, in violation of the MHRA.

37) Bouchard intentionally discharged Plaintiff for opposing practices made unlawful by the MHRA, in violation of the MHRA.

38) Bouchard intentionally discharged Plaintiff for taking actions protected by the Maine Whistleblowers' Protection Act, 26 M.R.S. §§ 831-840 ("WPA"), in violation of the MHRA.

39) Bouchard acted with reckless indifference to Plaintiff's rights under the MHRA and the WPA.

## COUNT III: MAINE FMLR

40) Plaintiff repeats and realleges each of the allegations set forth in the preceding paragraphs as if fully set forth herein.

41) Bouchard intentionally discharged Plaintiff from employment because he exercised his right to take Maine FMLR leave, in violation of the Maine FMLR.

## DEMAND FOR JURY TRIAL

42) Plaintiff demands a trial by jury on all matters to which Plaintiff has a right to trial by jury.

## PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully requests that this Court grant the following relief:

(a)   Enter Judgment in his favor;

(b)   Declare the conduct engaged in by Defendant to be in violation of Plaintiff's rights;

(c)   Enjoin Defendant, its agents, successors, employees, and those acting in concert with Defendant from continuing to violate the rights of the Plaintiff;

(d)   Order Defendant to employ Plaintiff as if none of the discrimination had occurred or, in lieu of employment if such employment is determined to be impracticable, order front pay and benefits;

(e)   Award Plaintiff back pay, lost employment benefits, other lost compensation, and interest on those amounts;

(f)   Award Plaintiff compensatory damages in an amount to be determined at trial of this matter;

(g) Award Plaintiff an amount to offset the state and federal taxes he will be required to pay for compensatory damages and any increased taxes he will have to pay because he has received a lump sum for lost wages, employment benefits, or other lost compensation;

(h) Award Plaintiff nominal damages;

(i) Award Plaintiff punitive damages in an amount to be determined at trial of this matter;

(j) In the absence of an award of wages, salary, employment benefits or other compensation denied or lost, order Defendant to pay liquidated damages of $100 to Plaintiff for each day that the violation continued, as provided in 26 M.R.S. § 848(1);

(k) Award Plaintiff liquidated damages as provided in 26 M.R.S. § 848(2);

(l) Award Plaintiff attorney's fees, including legal expenses, expert witness fees, and costs of suit;

(m) Award Plaintiff prejudgment interest; and

(n) Grant Plaintiff such other and further relief as may be just and proper.

Dated: September 29, 2020         /s/ John P. Gause

                                          John P. Gause, Esq., Bar No. 8192
Eastern Maine Law, LLC
23 Water St., Suite 300
Bangor, ME 04401
(207) 947-5100
jgause@easternmainelaw.com

ATTORNEY FOR PLAINTIFF